[853 NYS2d 660]

In the Matter of MAUREEN ABATO (Admitted as MAUREEN A. ABATO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 18, 2008

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

*Maureen Abato*, Brooklyn, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated April 26, 2007, containing four charges of professional misconduct. After a hearing on May 31, 2007, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent cross-moves for an order affirming the existence of mitigating factors and referring this matter back to the Grievance Committee for appropriate action, or limiting any discipline imposed upon her to a public censure.

Charge One alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4], [7]). Between approximately March 18, 2005 and February 17, 2006, the respondent maintained an IOLA account at JP Morgan Chase into which funds entrusted to her as a fiduciary were deposited. In or about June 2005, the respondent represented Ramon "Ralphie" Rodriguez in connection with the sale of his property to Roque Taveras. The respondent deposited a down payment from Mr. Taveras into her escrow account on or about June 14, 2005. Between that date and August 2, 2005, the respondent was required to maintain at least $3,500 of the $5,000 down payment on deposit in her IOLA account. During that interval, the balance in the respondent's IOLA account was depleted below the amount she was required to maintain, to a balance as low as $2,500 on July 25, 2005.

Charge Two alleges that the respondent commingled funds entrusted to her as a fiduciary, incident to her practice of law, with personal funds, in violation of Code of Professional

Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). The respondent deposited personal funds in her IOLA account and paid personal expenses directly from that account.

Charge Three alleges that the respondent engaged in a pattern of drawing IOLA checks to cash, in violation of Code of Professional Responsibility DR 9-102 (e) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [e]; 1200.3 [a] [7]). Between approximately August 2005 and January 2006, the respondent drew seven IOLA checks to cash.

Charge Four alleges that the respondent failed to maintain required bookkeeping records for her IOLA account, in violation of Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [7]). The respondent failed to maintain a contemporaneous ledger book or similar record detailing deposits into and withdrawals from her IOLA account.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained all four charges of professional misconduct, and the Grievance Committee's motion to confirm the Special Referee's report is granted. The respondent's cross motion is granted solely to the extent of affirming the existence of mitigating factors, and is otherwise denied.

The respondent asks the Court, in determining an appropriate measure of discipline to impose, to take into consideration the facts that she cooperated fully with all stages and aspects of the Grievance Committee's investigation, that she did not attempt to deny the charges but admitted them along with an explanation for her misconduct, and that she continued to express deep and sincere remorse for her misconduct. As noted in the respondent's verified answer, she did not open an IOLA account until March 18, 2005, almost 20 years after her date of admission. Her business previously had been limited to representing entrepreneurs and small private and public companies in the areas of corporate and securities law. She had no prior experience with the laws relative to IOLA accounts.

The respondent further points out that she was living through an ''emotional hell'' at the time she engaged in the subject misconduct. Her mother's grave illness and death on December 15, 2005, detracted from the respondent's ability to focus on legal matters.

The respondent insists that there was no venality involved here. Her former client received all funds to which he was entitled, and made no complaint against her. There have been no client complaints against her in over 20 years of practice. Moreover, she has been fully cooperative with the Grievance Committee's investigation, including appearing for a deposition without counsel, cooperating with arrangements for service of the petition, and promptly delivering complete copies of the two files the Grievance Committee wished to review.

Notwithstanding the substantial mitigation advanced by the respondent, she has admitted to numerous violations of the disciplinary rules. Despite her lack of venal intent, the respondent's knowing and purposeful withdrawal of a portion of her client's funds violated Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), even if she knew that other funds would become available to compensate the client. Furthermore, it is well-established that personal funds may not be deposited or maintained in a fiduciary account, and that drawing checks on IOLA escrow accounts for personal expenses violates Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). In addition, the prohibition against special account checks payable to cash is absolute.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of six months.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and LIFSON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is granted solely to the extent of affirming the existence of mitigating factors and is otherwise denied; and it is further,

Ordered that the respondent, Maureen Abato, admitted as Maureen A. Abato, is suspended from the practice of law for a period of six months, commencing April 17, 2008, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period she (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (d) otherwise properly conducted herself, and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Maureen Abato, admitted as Maureen A. Abato, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Maureen Abato, admitted as Maureen A. Abato, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).