OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated March 12, 2014, containing two charges of professional misconduct, which allege that the respondent misappropriated funds entrusted to her, and engaged in conduct adversely reflecting on her fitness as a lawyer. After a prehear-ing conference held on May 21, 2015, and a hearing held on October 1, 2015, the Special Referee issued a report in which he sustained both charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has not submitted any papers in opposition or in relation to the instant motion.
Charge one alleges that the respondent misappropriated funds entrusted to her in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). Based upon the respondent’s admissions and the evidence adduced, we find the facts are as follows:
The respondent represented Victor Arnstein in connection with the sale of an unimproved lot located in Suffolk County, New York. At the closing on December 3, 2007, an escrow agreement was executed, which, in pertinent part, required the respondent to “hold in escrow the sum of twenty ($20,000) thousand dollars until either the partition action ... is concluded or five years has passed” (hereinafter the Arnstein escrow). On December 4, 2007, the respondent deposited the proceeds of the sale ($126,000) in her attorney escrow account at Astoria Federal Savings Bank, entitled “JANET E. CON-ROY, ATTORNEY ESCROW ACCOUNT/IOLA” (hereinafter the IOLA account). Pursuant to the escrow agreement, the respondent withheld $20,000 from the sale proceeds, and forwarded the remainder to Arnstein, an Indiana resident.
*20 While the respondent was entrusted with the Arnstein escrow, the balance in her IOLA account fell below the $20,000 she was required to maintain, as follows:
Date Balance
10/21/2009 $19,780.16
06/23/2010 $18,130.16
08/12/2010 $17,453.55
09/14/2010 $16,453.55
10/04/2010 $16,058.42
11/03/2010 $15,230.98
07/06/2011 $14,730.98
07/11/2011 $14,530.98
12/03/2012 $14,530.98
During the period in which the respondent was entrusted with the Arnstein escrow, she made eight disbursements for her own personal use as follows: a $300 withdrawal; six checks payable to herself totaling $5,653.55; and one check for $395.13 to American Suzuki Finance to pay a personal expense. The respondent admits that she did not have Arnstein’s permission to utilize the escrow funds.
On December 3, 2012, Arnstein became entitled to receive the $20,000, inasmuch as the partition action had not resolved by that date. Although Arnstein requested his money from the respondent, the respondent failed to promptly provide Arnstein with his funds.
The respondent sent Arnstein his funds on or about January 23, 2013, by IOLA check No. 1988, in the sum of $20,000. However, that check to Arnstein was dishonored on or about January 29, 2013, due to insufficient funds. In or about February 2013, Arnstein received his funds from the respondent.
By virtue of the foregoing, charge two alleges that the respondent engaged in conduct adversely reflecting on her fitness as a lawyer in violation of rule 8.4 (h) of the Rules of Professional Conduct.
Based on the evidence adduced and the respondent’s admissions, we find that the Special Referee properly sustained the charges. Accordingly, the petitioner’s motion to confirm the Special Referee’s report is granted.
In determining an appropriate sanction to impose, the respondent presented credible evidence of severe and chronic medical adversities during the time period in which she was entrusted with the Arnstein escrow. We note that she has a previously unblemished record, and has submitted evidence of her charitable efforts in rendering pro bono representation to *21 clients in foreclosure matters. While the evidence in mitigation is substantial, we conclude that the respondent has engaged in serious misconduct by failing to honor her fiduciary obligation to preserve the Arnstein escrow. Under the totality of the circumstances, we find that the respondent’s conduct warrants her suspension from the practice of law for a period of six months (see Matter of Abato, 51 AD3d 225 [2008]).
Eng, P.J., Dillon, Balkin, Leventhal and Miller, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Janet E. Conroy, admitted as Janet Ellen Conroy, is suspended from the practice of law for a period of six months, commencing May 27, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 27, 2016. In such application, the respondent shall furnish satisfactory proof that during the period of suspension she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (4), and (4) otherwise properly conducted herself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Janet E. Conroy, admitted as Janet Ellen Conroy, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Janet E. Conroy, admitted as Janet Ellen Conroy, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).